**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(NORTHERN DIVISION)**

MARTIN J. WALSH       *

     Plaintiff       *    Case No.: 1:21-cv-01746-SAG

v.       *

BICALLIS, LLC, et al.       *

     Defendants.       *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL

Defendants Bicallis, LLC, Bryan Hill, and Bicallis, LLC 401(k) Plan, by their

undersigned counsel, answer the Complaint filed by Plaintiff Martin J. Walsh, Secretary of

Labor, United States Department of Labor as follows:

## GENERAL DENIAL

1.     Defendants generally deny the allegations of the Complaint.

## SPECIFIC ADMISSIONS AND DENIALS

2.     Defendants admit the allegations in Paragraphs 1 through 5 of the Complaint.

3.     Defendants admit the allegations in Paragraphs 6 through 11 of the Complaint.

4.     Defendants admit in part and deny in part the allegations in Paragraph 12 of the

Complaint. Defendants deny that the "Plan provided for discretionary employer matching" and

admit the other allegations of Paragraph 12.

5.     Defendants admit the allegations in Paragraphs 13 and 14 of the Complaint.

6.     Defendants lack knowledge or information sufficient to form a belief about the

truth of the allegations in Paragraphs 15 and 16 of the Complaint.

7.      Defendants admit the allegations in Paragraph 17 of the Complaint.

8.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18 of the Complaint.

9.      Defendants deny the allegations in Paragraphs 19 through 21 of the Complaint.

10.     Defendants admit the allegations in Paragraph 22 of the Complaint.

11.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23 of the Complaint.

12.     Defendants deny the allegations in Paragraph 24 of the Complaint.

13.     Defendants admit in part and deny in part the allegations in Paragraph 25 of the Complaint. Defendants deny that they had the "financial ability to pay" alleged in Paragraph 25 and admit the other allegations of Paragraph 25.

14.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26 of the Complaint.

15.     Paragraph 27 of the Complaint contains excerpted statements of law which do not require a response from Defendants.

16.     Defendants admit the allegations in Paragraph 28 of the Complaint.

17.     In Answer to the allegations of Paragraph 29 of the Complaint, Defendants restate their responses to Paragraphs 1 through 28 of the Complaint, which are incorporated into Paragraph 29 of the Complaint.

18.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30 of the Complaint.

19.     Defendants admit in part and deny in part the allegations in Paragraph 31 of the Complaint. Defendants deny that the Company elected to make discretionary matching

contributions, and that "there was a reasonable likelihood of recovery" as alleged in Paragraph 31 of the Complaint. Defendants deny the portions of Paragraph 31 phrased as a legal conclusion. Defendants admit the other allegations of Paragraph 31 of the Complaint.

20.     Defendants deny the allegations of Paragraphs 32 and 33 of the Complaint.

21.     Defendants deny the allegations of Paragraph 34 of the Complaint.

22.     Defendants admit in part and deny in part the allegations of Paragraph 35 of the Complaint which contains eleven (11) subparts as follows:

(a)     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35 (a) of the Complaint.

(b)     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35 (b) of the Complaint.

(c)     Defendants deny the allegations in Paragraph 35 (c) of the Complaint.

(d)     Defendants deny the allegations in Paragraph 35 (d) of the Complaint.

(e)     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35 (e) of the Complaint.

(f)     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35 (f) of the Complaint.

(g)     Defendants deny the allegations in Paragraph 35 (g) of the Complaint.

(h)     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35 (h) of the Complaint.

(i)     Defendants deny the allegations in Paragraph 35 (i) of the Complaint.

(j)     Defendants deny the allegations in Paragraph 35 (j) of the Complaint.

(k)     Defendants deny the allegations in Paragraph 35 (k) of the Complaint.

23.     Defendants deny Plaintiff is entitled to the relief demanded in any and all subparts of the *ad damnum* clause of the Complaint.

## AFFIRMATIVE DEFENSES

24.     Plaintiff's Complaint fails to state a claim upon which relief can be granted.

25.     Plaintiff's claims are barred by the applicable statute of limitations.

26.     Plaintiff's claims are barred by payment.

27.     Plaintiff's claims are barred by Defendants' financial distress and impossibility of compliance.

28.     Defendants did not breach any fiduciary duty.

29.     Defendants did not commit the wrongs alleged.

30.     The damages alleged by Plaintiff, if any, are speculative and uncertain.

31.     Plaintiff is not entitled to the damages sought in the Complaint.

32.     Plaintff is not entitled to the injunctive relief sought in the Complaint.

33.     Plaintff is not entitled to the permanent injunctive relief sought in the Complaint.

## SPECIAL MATTER DEFENSES

34.     Defendant Bicallis, LLC is a defunct business entity, which has ceased to be in good standing in its original jurisdiction of Delaware, and is forfeited in its foreign jurisdiction of Maryland, and therefore lacks the capacity to be sued.

WHEREFORE, Defendants Bicallis, LLC, Bryan Hill, and Bicallis, LLC 401(k) Plan request that this Honorable Court:

1.     Dismiss all claims asserted against them in this action;

2.     Enter judgment in their favor regarding all claims asserted against them in this action;

3.      Deny all of Plaintiff's claims for damages, injunctive relief, attorney's

fees, expenses and costs; and

4.      Grant any such other further relief as the nature of this case requires.


## DEMAND FOR A JURY TRIAL

Defendants, pursuant to Rule 38 of the Federal Rules of Civil Procedure, hereby demand

a jury trial in the above-captioned matter.


Respectfully submitted,


/s/ *Timothy M. Gunning*
Timothy M. Gunning
Federal Bar No. 08158
Wyatt & Gunning LLC
100 W. Pennsylvania Avenue, Suite 10
Towson, Maryland 21204
Telephone: 410-296-5960
Fax: 410-296-3443
E-mail: tgunning@wyattgunning.com

Attorneys for Defendants

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing, which was electronically filed in this case on

November 4, 2021, was served via the CM/ECF system on the following:

Alejandro A. Herrera
Office of the Regional Solicitor
U.S. Department of Labor
1835 Market Street
Mailstop SOL/22
Philadelphia, PA 19103
Herrera.alejandro.a@dol.gov

Attorneys for Plaintiff


/s/ *Timothy M. Gunning*
Timothy M. Gunning