UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND

| | |
|---|---|
| MARTIN J. WALSH, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, : : : : Plaintiff, : : v. : Civil Action No. 1:21-cv-01746 : BICALLIS, LLC, BRYAN HILL, and : BICALLIS, LLC 401(K) PLAN, : : Defendants. : : | |

**CONSENT JUDGMENT AND ORDER**

This action was brought by Plaintiff, the Secretary of Labor, United States Department of Labor (the "Secretary") against Defendants Bicallis, LLC, Bryan Hill, and the Bicallis, LLC 401(k) Plan[1] (collectively "Defendants") under Sections 409 and 502(a)(2) and (5) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1109, 1132(a)(2) and (5), to obtain equitable remedies that will redress violations, obtain appropriate equitable relief for breaches of fiduciary duty under ERISA Section 409, 29 U.S.C. § 1109, and obtain such further equitable relief as may be appropriate to enforce the provisions of Title I of ERISA.

The parties have agreed to resolve the claims in the Complaint without further litigation. Defendants agree to the entry of this Consent Judgment against them by the Court, the terms of which are set forth herein:

  A.    For the purposes of this Consent Judgment, Defendants admit that the Court has jurisdiction over them and the subject matter of this action.

  B.    The Secretary has agreed to resolve all claims asserted in the Complaint against

---

[1] The Secretary named the Bicallis, LC 401(k) Plan as a defendant in this action under Fed. R. Civ. P. 19(a) to ensure that complete relief could be granted. *See* Dkt. 1 ¶ 11.

1

Defendants for the relief set forth below.

C. The Secretary and Defendants understand and agree that entry of this Consent Judgment is without prejudice to the Secretary's right to investigate and redress violations of ERISA, if any, not alleged in the Complaint, including the Secretary's right to institute future enforcement actions with respect to any other such matter. It is further understood that this paragraph shall not constitute a waiver by Defendants of any defenses, legal or equitable, to any such future action.

D. This Consent Judgment may be signed in multiple counterparts and transmitted by facsimile or by electronic mail or by any other electronic means intended to preserve the original graphic and pictorial appearance of a party's signature, each of which shall be deemed an original, but all of which, taken together, shall constitute one and the same instrument. This Consent Judgment is only valid if signed by the Secretary and Defendants, or their designated representatives.

E. The Secretary and Defendants intend this Consent Judgment to constitute the complete, exclusive, and fully integrated statement of their agreement. As such, this Consent Judgment is the sole repository of the agreement between the Secretary and Defendants. The parties are not bound by any other agreements, promises, statements, representations, or writings of any kind or nature.

Accordingly, it is hereby **ORDERED, ADJUDGED, AND DECREED** that:

1. This Court has jurisdiction over this action.

2. This Court has jurisdiction over Defendants.

3. Bicallis, LLC and Bryan Hill shall collectively restore a total of $151,941.93 to the Bicallis, LLC 401(k) Plan ("Plan"), representing equitable restitution of $122,797.49, interest of $26,054.44 and $3,090 related to the costs and expenses associated with the appointment of an independent fiduciary as set forth in Paragraph 10 below.

4. Bicallis, LLC and Bryan Hill shall collectively restore the $151,941.93 in equitable restitution and associated relief to the Plan in accordance with the following payment schedule:

- $10,000.00 by or before June 15, 2022;
- $3,000.00 by or before July 15, 2022;
- $3,000.00 by or before August 15, 2022;
- $10,000.00 by or before September 15, 2022;
- $3,000.00 by or before October 15, 2022;
- $3,000.00 by or before November 15, 2022;
- $119,941.93, the total remaining balance due under this Consent Judgment and Order, by or before December 15, 2022.

Bicallis, LLC and Bryan Hill shall provide written proof to the Secretary for each of the above payments immediately upon completion of the payment.

5. In the event that Bicallis, LLC and Bryan Hill fail to timely pay the full amount due on each specified date as set forth in Paragraph 4 above, the entire amount of equitable restitution and associated relief then owing under this Consent Judgment and Order, plus interest to be calculated at the post-judgment rate of interest in effect at the time of the entry of this Consent Judgment and Order, shall become immediately due and payable.

6. The Plan is deemed amended to allow forfeiture of Bryan Hill's individual Plan account to the extent necessary to satisfy payment of the costs and expenses of the independent fiduciary, as set forth in Paragraph 10 below. Further, the Plan shall set off Bryan Hill's individual Plan account against the amount of losses resulting from the fiduciary breaches alleged in the Complaint, as authorized by 29 U.S.C. § 1056(d)(4). No amounts restored under this Consent Judgment shall be allocated to the Plan account of Bryan Hill.

7. Bicallis, LLC and Bryan Hill are removed as fiduciaries of the Plan and are also removed from the role(s) of trustee, fiduciary, advisor, or administrator that they hold with respect to any other employee benefit plan, as that term is defined at section 3(3) of ERISA, 29 U.S.C. § 1002(3).

8. Bicallis, LLC and Bryan Hill are permanently enjoined from serving as a trustee, fiduciary, advisor, or administrator to any employee benefit plan, as that term is defined at section 3(3) of ERISA, 29 U.S.C. § 1002(3), or from serving in any capacity that involves decision-making authority or custody or control of the moneys, funds, assets, or property of any employee benefit plan subject to ERISA.

9. The Court appoints AMI Benefit Plan Administrators, Inc. ("AMI") as the independent fiduciary for the Plan. AMI shall have plenary authority over the administration, management, and assets of the Plan and be subject to ERISA's fiduciary duties. AMI is directed to take all appropriate action for distribution of benefits to the Plan's participants and beneficiaries, including: (1) issuing distribution election forms for the remaining Plan participants; (2) processing the election forms when returned by participants; (3) answering participant questions and providing assistance to participants, as needed; and (4) providing routine updates and/or reports to the Secretary on an as-needed basis. AMI is empowered to instruct the custodians of the Plan's assets and the Plan record keepers respecting the performance of its duties as independent fiduciary, including as to disposition of the Plan's assets. Upon completing distribution of the Plan's assets, AMI shall consider whether termination of the Plan is appropriate in light of the Plan documents, ERISA, and other applicable federal law. If it determines that termination is appropriate, it will have authority to perform all actions necessary to wind down and terminate the Plan, consistent with the Plan documents and ERISA.

10. AMI shall be compensated for the performance of its duties and costs incurred, as described in the attached proposal, up to the amount of $3,090.00 payable solely from the Plan account of Bryan Hill and/or from funds remitted under this Consent Judgment.

11. A copy of this Consent Judgment shall be filed with the Plan records.

12. The Court orders Defendants, along with their agents, employees, service providers, banks, accountants, and attorneys, to provide AMI with all of the books, documents, and records relating to the finances and administration of the Plan, and to make an accounting to the Plan of all contributions to the Plan, and all transfers, payments, or expenses incurred or paid in connection with those Plan.

13. The Court orders all third-party service providers to the Plan, including the Plan custodian, along with their agents, employees, service providers, banks, accountants, and attorneys, to provide AMI with all of the books, documents, and records relating to the finances and administration of the Plan, and to make an accounting to the Plan of all contributions to the Plan, and all transfers, payments, or expenses incurred or paid in connection with those Plan.

14. In the event that Bicallis, LLC or Bryan Hill files for bankruptcy protection at any time before satisfaction of the amounts due under Paragraphs 3, 4 and 10 above, Bicallis, LLC and Bryan Hill shall not oppose any proof of claim that the Secretary files in the bankruptcy proceeding for any amounts still owing under Paragraphs 3, 4 and 10.

15. In the event that Bicallis, LLC or Bryan Hill files for bankruptcy protection at time before satisfaction of the amounts due under Paragraphs 3, 4 and 10 above, Bicallis, LLC and Bryan Hill stipulate that the unpaid amounts shall be treated as a non-dischargeable debt under 11 U.S.C. § 523(a)(4).

16. With respect to the Plan, Bicallis, LLC and Bryan Hill, will be assessed a penalty of 20 percent of the applicable recovery amount under ERISA § 502(l), 29 U.S.C. § 1132(l), less any applicable reduction pursuant to 29 U.S.C. § 1132(l)(4). Upon assessment of the penalty,

5

Bicallis, LLC and Bryan Hill retain the right to petition the Secretary of Labor for a reduction of the penalty. If they apply for a waiver to reduce or eliminate the penalty amount pursuant to ERISA § 502(l)(3), 29 U.S.C. § 1132(l)(3), and are denied such waiver by the Secretary, they shall pay any applicable penalty amount within ten (10) days of the Secretary's denial. Any penalty payment shall be submitted in a check made out to the "United States Department of Labor" and mailed (by First Class U. S. Mail, not an overnight carrier) to the U.S. Department of Labor, ERISA Civil Penalty, P.O. Box 71360, Philadelphia, PA 19176-1360, no later than ten (10) days after Defendants' receipt of notice from the Secretary of Labor regarding the assessment of the penalty of 20 percent of the applicable recovery amount under ERISA § 502(l), 29 U.S.C. § 1132(l) or, if Defendants apply for a waiver to reduce or eliminate the penalty amount pursuant to ERISA § 502(l)(3), 29 U.S.C. § 1132(l)(3), within ten (10) days of Defendants' receipt of the Secretary's denial, whichever is later. Payment shall include reference to EBSA Case No. 20-013893 (48).

17. No assets of the Plan will be used to pay the attorney fees, costs, and other litigation expenses incurred by any of the Defendants in this action.

18. Each Defendant, as well its agents, beneficiaries, representatives, assigns, and successors in interest, hereby releases the Secretary and the Secretary's officers, agents, attorneys, employees, and representatives, both in their individual and official capacities, from all actions, claims, and demands of whatsoever nature, including those arising under any statute, rule, or regulation, that relate in any manner to the filing, prosecution, and maintenance of this civil action or any other proceeding or investigation relating to or in connection with this civil action. Each Defendant expressly waives any and all such claims of any nature that it may have against the Secretary, the Department of Labor, or any of the Secretary's officers, agents, attorneys, employees, or representatives arising under the Equal Access to Justice Act, as amended, 5 U.S.C. § 504 and 28 U.S.C. § 2412.

19. This Consent Judgment shall operate as a full, final, and complete judicial resolution and disposition of all claims asserted in the Complaint by the Secretary against Defendants.

20. Nothing in this Consent Judgment is binding on any governmental agency other than the U.S. Department of Labor, Employee Benefits Security Administration.

21. This Court retains jurisdiction over this action for purposes of enforcing compliance with the terms of this Consent Judgment.

22. The Court directs the entry of this Consent Judgment as a final order pursuant to Federal Rule of Civil Procedure 54.

DATED THIS __6th__ DAY OF MAY, 2022.

                                                       /s/
                                  HONORABLE STEPHANIE A. GALLAGHER
                                  UNITED STATES DISTRICT JUDGE

Case 1:21-cv-01746-SAG   Document 289   Filed 05/06/22   Page 7 of 9

The parties approve the Consent Judgment and Order as to form and substance:

| | |
|---|---|
| **For Defendants Bicallis, LLC Bryan Hill, and the Bicallis, LLC 401(k) Plan** | **For Plaintiff, Secretary of Labor:** |

By:

*Bryan T. Hill*
_____
Bryan Hill, Individually
and by and on behalf of
Bicallis, LLC and
the Bicallis, LLC 401(k) Plan

Signed this  5th  day of
May 2022

By:

Seema Nanda
Solicitor of Labor

Oscar L. Hampton III
Regional Solicitor

Richard T. Buchanan
Deputy Regional Solicitor

/s/ Alejandro A. Herrera
_____
Alejandro A. Herrera
Trial Attorney
PA 326897; NY 5235601

United States Department of Labor
Office of the Regional Solicitor
1835 Market Street
Mailstop SOL/22
Philadelphia, PA 19103-2968
(215) 861-5136 (voice)
(215) 861-5162 (fax)

Signed this  5th  day of
May 2022

8



AMI Benefit Plan Administrators Inc.

*"A Fiduciary Plan Administrator"*

January 11, 2022

Kamaljit Bains
United States Department of Labor
Philadelphia Regional Office

Re: Bicallis, LLC 401(k) Plan
AMI Benefit Plan Administrators, Inc. CCR# 4XXW5

Dear Kamaljit,

The following is the AMI Benefit Plan Administrators, Inc. proposal to become the Independent Fiduciary, provide fidelity bond coverage, and terminate the Bicallis, LLC 401(k) Plan.

This quote is based on the following actions:

1. Provide for custodial services and participant tax reporting.
2. Conduct appropriate correspondence with 12 participants.
3. Take all actions necessary to terminate the Plan including amending and restating the Plan Document.
4. Complete the distribution of assets to participants.
5. File a final Annual Report (Form 5500).
6. Prepare a final report for the Department of Labor.

*Total Cost $3,090*

Please send the court order to AMI for review prior to submission.

Cordially,

Timothy J. Halchuck
QPFC, AIF®, C(k)P®, QKA

100 Terra Bella Drive Youngstown, Ohio 44505  Ph. 330-406-9021  800-451-2865  Fax 866-436-6703  www.amibenefit.com