### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

Martin J. Walsh
*Secretary of Labor, United States Department of Labor*,

    Plaintiff,

    v.

Bicallis, LLC, et al.,

    Defendants.

Civil Case No. SAG-21-1746

### MEMORANDUM OPINION

Some time ago, in December, 2022, Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor ("the Secretary") filed a motion, ECF 47, for Defendants Bryan Hill and Bicallis, LLC to be held in civil contempt for failure to make any payments toward a consent order of judgment entered, as modified, in November 2022.  ECF 46.  The parties subsequently engaged in settlement negotiations which proved unsuccessful.  This Court previously held a hearing in this matter on October 26, 2022, at which matters involving Defendants' finances were explored. For the below reasons, this Court finds that no further hearing is presently necessary, and will GRANT IN PART the Secretary's civil contempt motion.  This Court finds Defendants in civil contempt and will impose a daily fine of $100.00 until the remaining balance of the Consent Judgment and Order are paid in full.  Further noncompliance could result in more stringent coercive measures, including civil confinement.

At the prior hearing in this case, the adduced evidence suggested that while Defendants had some financial limitations, decisions were being made about family-related expenditures that suggested a lack of recognition of the importance of fulfilling the existing significant obligation to

the Secretary.  Regardless, Defendants' response to the motion seeking contempt consisted of a single page claiming a "present inability to pay" without attaching any evidence to that effect. Such bald assertions fail to carry the burdens of production and persuasion that accompany a claim of present inability to pay.  *See United States v. Butler*, 211 F.3d 826, 831-32 (4th Cir. 2000) (noting that the party claiming present inability to pay has the burden of "producing evidence"). In fact, the parties' consent judgment and order in this case specifically recognizes that Defendants would bear "the burden of production and persuasion" on any claim of present inability to pay. ECF 47 ¶ 8. Defendants' actions in agreeing to pay certain sums and then repeatedly failing to abide by their agreements cannot continue in perpetuity, nor will this Court be lured into repeated hearings to assist in those efforts, in the absence of any evidence to suggest such a hearing would be warranted.  *See Redner's Markets, Inc. v. Joppatowne G.P. Ltd. Partnership*, 608 F. App'x 130, 131 (4th Cir. 2015); *see also In re General Motors Corp.*, 110 F.3d 1003, 1015-17 (4th Cir. 1997).

That said, this Court is persuaded that the fine proposed by the Secretary is too high, and is reducing the requested fine amount to $100 per day.  This Court will reconsider its civil contempt order only upon a robust evidentiary submission that should detail all expenditures since the last hearing, to include monies paid for school tuition and monies given to current and former family members for any purpose, and only upon some evidence that true efforts are being made to make at least partial payments towards the existing judgment.

At this stage, this Court declines to impose attorney's fees given that the attorneys representing the Secretary are government employees, and because Defendants' limited resources are better marshaled towards paying the judgment owed.  This Court will consider imposing costs upon an appropriate submission by the Secretary.

June 27, 2023                                                    /s/
Date                                          Stephanie A. Gallagher
                                              United States District Judge